IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | CRIMINAL NO. H-10-795 (03) |
| EDUARDO ANAYA-CHAVEZ | § | |

## ORDER OF DETENTION PENDING TRIAL

On December 6, 2010, this Court conducted a Hearing on the Government's Motion to Detain **Eduardo Anaya-Chavez**, and three of his co-Defendants, in the above-styled and numbered cause. The Government appeared by attorney and announced ready; the Defendants appeared in person and by counsel and announced ready. The Government offered the testimony of Mickey Teague, a Special Agent with the Drug Enforcement Agency. The Defendants each offered testimony of family members and proffers. The Court also made the Pretrial Services report, which recommended a Bond for each of the Defendants, a part of the record for purposes of the Detention Hearing only. Having now considered the evidence, the recommendations of the Pretrial Services Officers, and the arguments of counsel, this Court makes the following findings of fact and conclusions of law:

1. That pursuant to the Indictment there is probable cause to believe that **Eduardo Anaya-Chavez** has committed a drug offense with a maximum penalty of ten years or more confinement, see 18 U.S.C. § 841, see also United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Anaya-Chavez'** detention, 18 U.S.C. § 3142(e);

3. That the drug trafficking offenses charged by the Indictment were of a substantial and continual nature, in fact, **Anaya-Chavez** admitted that he had made 8 to 10 trips as part of the conspiracy delivering between 1 and 5 kilograms per trip to the Huerta place of business and subsequently picking up substantial amounts of cash to be bundled and sent to Mexico;

4. That **Anaya-Chavez** was involved in the drug trafficking made the basis of this conspiracy while serving a term of deferred adjudication for a state offense;

5. That by virtue of the foregoing findings, **Anaya-Chavez** would constitute a danger to the community if released;

6. That if convicted, **Anaya-Chavez** faces certain deportation and will be unable to apply for reentry to the United States for at least 5 years following his release and probably much longer if not for the rest of his life;

7. That by virtue of the finding No. 6, **Anaya-Chavez** would pose a substantial risk of flight if released;

8. That **Anaya-Chavez'** evidence and proffer fail to rebut the presumption created by 18 U.S.C. §3142(e);

9. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Eduardo Anaya-Chavez** by this Court to reasonably assure the safety of the community if he were released.

2

It is, therefore, **ORDERED** that **Eduardo Anaya-Chaveza** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Eduardo Anaya-Chavez SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Eduardo Anaya-Chavez** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas, this \_\_\_\_4th\_\_\_\_ day of January, 2011.

_____
John R. Froeschner
United States Magistrate Judge

3